James D. Weakley, Esq.    Bar No. 082853
Brande L. Gustafson, Esq.  Bar No. 267130

Weakley & Arendt
A Professional Corporation
5200 N. Palm Avenue, Suite 211
Fresno, California 93704
Telephone:  (559) 221-5256
Facsimile:  (559) 221-5262
Jim@walaw-fresno.com
Brande@walaw-fresno.com

Attorneys for Defendants, County of Fresno and Correctional Sergeant Oliver

# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES ROBERT MONTEZ, II, et al. | CASE NO. 1:18-cv-01510-AWI-BAM |
| Plaintiffs, | **STIPULATED PROTECTIVE ORDER** |
| vs. | Complaint Filed:  October 30, 2018 |
| | Trial Date:  TBD |
| FRESNO COUNTY CORRCTIONAL OFFICER OLIVER; UNKNOWN LAW ENFORCEMENT OFFICERS; COUNTY OF FRESNO, CALIFORNIA, | |
| Defendants. | |

This Stipulation for a Protective Order (hereinafter the "Stipulation") is agreed to by Plaintiff James Robert Montez, II ("Plaintiff") and defendants County of Fresno and Fresno County Correctional Sergeant Oliver (collectively "Defendants") (Plaintiff and Defendants are collectively referred to as the "Parties"), by and through their respective attorneys of record.

# PROTECTIVE ORDER

1.    INTRODUCTION

    1.1    Purposes and Limitations

    Disclosure and discovery activity in this Action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this Action may be warranted.

Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Local Rule 141 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

      1.2    <u>Good Cause Statement</u>

Some of the material expected to be exchanged between the parties is information that is not generally available to the public, and that is maintained in confidence by the Producing Party. Special protection from public disclosure and from use for any purpose other than prosecution of this Action is warranted.

Unrestricted or unprotected disclosure of such confidential or personal information would result in prejudice or harm to the Producing Party as well as third parties whose personal and private information may be contained therein by revealing sensitive confidential information, which has been developed at the expense of the Producing Party. Additionally, privacy interests recognized by law must be safeguarded.

A Protective Order is sought so the documents and information may be used by the parties in preparation for trial and shared with witnesses and expert witnesses, who would not be subject to a private agreement between the parties. Accordingly, the parties respectfully submit that there is good cause for the entry of this Protective Order.

It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing will be so designated without a good faith belief that there is good cause why it should not be part of the public record of this case.

The parties agree, subject to the Court's approval, that the following terms and conditions shall apply to this Action.

2. DEFINITIONS

    2.1   Action: *James Robert Montez, II v. Fresno Correctional Officer Oliver, et al*, United States District Court for the Eastern District of California Case No. 1:18-cv-01510-AWI-BAM.

    2.2   Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

    2.3   "CONFIDENTIAL" Information or Items: Protected Data, information (regardless of how it is generated, stored or maintained) and/or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement. For the purposes of the Protective Order, Protected Data means any information that a Party believes in good faith to be subject to federal, state, or foreign data protection laws or other privacy obligations.

Protected Data constitutes highly sensitive materials requiring special protection, including, but not limited to, information concerning the personal or material circumstances of an identified or identifiable individual.

    2.4   Counsel: Attorneys (and their support staff) who are retained to represent or advise a Party to this action.

    2.5   Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

    2.6   Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

    2.7   Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

2.8 <u>Non-Party</u>:  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.9 <u>Party</u>:  any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.10 <u>Producing Party</u>:  a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.11 <u>Professional Vendors</u>:  persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.12 <u>Protected Material</u>:  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

2.13 <u>Receiving Party</u>:  a Party that receives Disclosure or Discovery Material from a Producing Party.

3. <u>SCOPE</u>

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.

Any use of Protected Material at trial shall be governed by a separate agreement or order.

4.  DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.  DESIGNATING PROTECTED MATERIAL

5.1  Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

5.2  Manner and Timing of Designations.  Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

    a.     <u>for information in documentary form</u> (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins). A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" legend to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

    b.     <u>for testimony given in deposition or in other pretrial or trial proceedings</u>, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony.

    c.     <u>for information produced in some form other than documentary and for any other tangible items</u>, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the

information or item is stored the legend "CONFIDENTIAL." If the information is produced electronically, then the term "CONFIDENTIAL" must appear in the name of each electronic file containing confidentially designated information. If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3 <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6. <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

6.1 <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2 <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process (and, if necessary, file a discovery motion) under Local Rule 251 by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not

sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3    Judicial Intervention.  If the Parties cannot resolve a challenge without court intervention, the Parties shall file and serve a Joint Statement re Discovery Disagreement in accordance with Local Rule 251 (and in compliance with Local Rules 141 and 141.1, if applicable).

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. All parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

7.    ACCESS TO AND USE OF PROTECTED MATERIAL

7.1    Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed by any party only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).  Protected Material must be stored and maintained by all parties at a location and in a secure manner that ensures that

1     access is limited to the persons authorized under this Order.

2    7.2    <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise

3      ordered by the court or permitted in writing by agreement of both Designating

4      Party and Receiving Party, all parties may disclose any information or item

5      designated "CONFIDENTIAL" only to the following persons who have been

6      apprised of the scope and requirements of this Order:

7      a.     the Party's Counsel of Record in this action, as well as employees of said

8          Counsel of Record to whom it is reasonably necessary to disclose the

9          information for this litigation (counsel and law firms appearing in this

10         action are deemed to have agreed to be bound by this Order);

11      b.     the officers, directors, and employees of the Party to whom disclosure is

12          reasonably necessary for this litigation, including employees and agents

13          of the designating party(ies) in the normal course of their business with

14         due regard for the confidential nature of the information under this Order;

15      c.     experts (as defined in this Order) of any Party to whom disclosure is

16          reasonably necessary for this Action and who have signed the

17         "Acknowledgment and Agreement to Be Bound" (Exhibit A);

18      d.     the court and its personnel;

19      e.     court reporters and their staff, professional jury or trial consultants, mock

20          jurors, and Professional Vendors to whom disclosure is reasonably

21         necessary for this Action and who have signed the "Acknowledgment and

22         Agreement to Be Bound" (Exhibit A);

23      f.     during their depositions, witnesses, and attorneys for witnesses, in the

24          Action to whom disclosure is reasonably necessary provided: (1) the

25          deposing party requests that the witness sign the form attached as Exhibit

26         A hereto; and (2) they will not be permitted to keep any confidential

27         information unless otherwise agreed by the Designating Party or ordered

28         by the Court and they sign the "Acknowledgment and Agreement to Be

1      Bound" (Exhibit A). Pages of transcribed deposition testimony or

2      exhibits to depositions that reveal Protected Material must be separately

3      bound by the court reporter and may not be disclosed to anyone except as

4      permitted under this Stipulated Protective Order; and

5      g.     the author or recipient of a document containing the information or a

6             custodian or other person who otherwise possessed or knew the

7             information;

8      h.     any mediator or settlement officer, and their supporting personnel,

9             mutually agreed upon by the parties engaged in settlement discussions.

10     Nothing in this order shall be construed as prohibiting the Producing Party from

11     disclosing its own Protected Material to any person at any time.

12     8.     <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER

13            LITIGATION.</u>

14     If a Party is served with a subpoena or a court order issued in other litigation that

15     compels disclosure of any information or items designated in this action as

16     "CONFIDENTIAL," that Party must:

17     a.     promptly notify in writing the Designating Party. Such notification shall include

18            a copy of the subpoena or court order;

19     b.     promptly notify in writing the party who caused the subpoena or order to issue in

20            the other litigation that some or all of the material covered by the subpoena or

21            order is subject to this Protective Order. Such notification shall include a copy of

22            this Stipulated Protective Order; and

23     c.     cooperate with respect to all reasonable procedures sought to be pursued by the

24            Designating Party whose Protected Material may be affected. If the Designating

25            Party timely seeks a protective order, the Party served with the subpoena or court

26            order shall not produce any information designated in this action as

27            "CONFIDENTIAL" before a determination by the court from which the

28            subpoena or order issued, unless the Party has obtained the Designating Party's

permission. The Designating Party shall bear the burden and expense of seeking

protection in that court of its confidential material – and nothing in these

provisions should be construed as authorizing or encouraging a Receiving Party

in this action to disobey a lawful directive from another court.

9.   A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN
     THIS LITIGATION

   a.   The terms of this Order are applicable to information produced by a Non-Party in

        this action and designated as "CONFIDENTIAL." Such information produced by

        Non-Parties in connection with this litigation is protected by the remedies and

        relief provided by this Order. Nothing in these provisions should be construed as

        prohibiting a Non-Party from seeking additional protections.

   b.   In the event that a Party is required, by a valid discovery request, to produce a

        Non-Party's confidential information in its possession, and the Party is subject to

        an agreement with the Non-Party not to produce the Non-Party's confidential

        information, then the Party shall:

        1.   promptly notify in writing the Requesting Party and the Non-Party that

             some or all of the information requested is subject to a confidentiality

             agreement with a Non-Party;

        2.   promptly provide the Non-Party with a copy of the Stipulated Protective

             Order in this litigation, the relevant discovery request(s), and a

             reasonably specific description of the information requested; and

        3.   make the information requested available for inspection by the Non-

             Party.

   c.   If the Non-Party fails to object or seek a protective order from this court within

        14 days of receiving the notice and accompanying information, the Receiving

        Party may produce the Non-Party's confidential information responsive to the

        discovery request. If the Non-Party timely seeks a protective order, the

        Receiving Party shall not produce any information in its possession or control

that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

10. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Party must within seven days (a) notify in writing all Parties of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material specifying in writing all steps taken to retrieve the information, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A, and (e) send to all Parties via electronic mail each signed Acknowledgement and Agreement to Be Bound.

11. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

Upon a request from any Producing Party who has inadvertently produced Discovery Material that it believes is privileged and/or protected, each Receiving Party shall immediately return such Protected Material or Discovery Material and all copies to the Producing Party,

except for any pages containing privileged markings by the Receiving Party which shall instead be destroyed and certified as such by the Receiving Party to the Producing Party.

If the Receiving Party has disclosed the information to others before being notified of the claim of privilege or protection, the Receiving Party must take reasonable steps to retrieve and return or destroy the disclosed information. No use shall be made of such documents or information during deposition or at trial, nor shall such documents or information be shown to anyone after the request that they be returned. If a claim is disputed, the Receiving Party shall not use or disclose a document or information for which a claim of privilege or immunity is made pursuant to this paragraph for any purpose until the matter is resolved by agreement of the Parties or by a decision of this court.

12. <u>MISCELLANEOUS</u>

    12.1   <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

    12.2   <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

    12.3   <u>Filing Protected Material</u>. Without written permission of all parties or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Local Rule 141.

13. <u>FINAL DISPOSITION</u>

Within 60 days after the final disposition of this action, as defined in paragraph 4, upon written notification served by Producing or Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries,

and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated: March 21, 2019
WEAKLEY & ARENDT
A Professional Corporation

By: /s/ Brande L. Gustafson
James D. Weakley
Brande L. Gustafson
Attorneys for Defendants,
County of Fresno and Correctional Officer Oliver

Dated: March 21, 2018
LAW OFFICE OF KEVIN G. LITTLE

By: /s/ Kevin G. Little (As authorized on 3/21/19)
Kevin G. Little
Attorneys for Plaintiff
James Montez, II

**EXHIBIT A**

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____[print or type full name],

of _____

[print or type full address], declare under penalty of perjury that I have read in its entirety and

understand the Stipulated Protective Order that was issued by the United States District Court for

the Eastern District of California on _____, 2019 in the case of *James Robert*

*Montez, II v. Fresno Correctional Officer Oliver, et al*, Case No. 1:18-cv-01510-AWI-BAM. I

agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I

understand and acknowledge that failure to so comply could expose me to sanctions and

punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner

any information or item that is subject to this Stipulated Protective Order to any person or entity

except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the

Eastern District of California for the purpose of enforcing the terms of this Stipulated Protective

Order, even if such enforcement proceedings occur after termination of this action.


Date: _____

City and State where sworn and signed: _____


Printed name: _____


Signature: _____

**ORDER**

The Court adopts the stipulated protective order submitted by the parties. The parties are advised that pursuant to the Local Rules of the United States District Court, Eastern District of California, any documents subject to this protective order to be filed under seal must be accompanied by a written request which complies with Local Rule 141 prior to sealing. The party making a request to file documents under seal shall be required to show good cause for documents attached to a non-dispositive motion or compelling reasons for documents attached to a dispositive motion. Pintos v. Pacific Creditors Ass'n, 605 F.3d 665, 677-78 (9th Cir. 2009). Within five (5) days of any approved document filed under seal, the party shall file a redacted copy of the sealed document. The redactions shall be narrowly tailored to protect only the information that is confidential or was deemed confidential. Also, the parties shall consider resolving any dispute arising under this protective order according to the Court's informal discovery dispute procedure.

IT IS SO ORDERED.

Dated: __**March 22, 2019**__ _____/s/ Barbara A. McAuliffe_____

UNITED STATES MAGISTRATE JUDGE