James D. Weakley, Esq.    Bar No. 082853
Brande L. Gustafson, Esq.  Bar No. 267130

Weakley & Arendt
A Professional Corporation
5200 N. Palm Avenue, Suite 211
Fresno, California 93704
Telephone:  (559) 221-5256
Facsimile:  (559) 221-5262
Jim@walaw-fresno.com
Brande@walaw-fresno.com

Attorneys for Defendants, County of Fresno and Correctional Sergeant Oliver

# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES ROBERT MONTEZ, II, et al. | CASE NO. 1:18-cv-01510-AWI-BAM |
| Plaintiff, | **STIPULATION AND ORDER TO MODIFY SCHEDULING ORDER** |
| vs. | |
| FRESNO COUNTY CORRECTIONAL OFFICER OLIVER; UNKNOWN LAW ENFORCEMENT OFFICERS; COUNTY OF FRESNO, CALIFORNIA, | Complaint Filed:  October 30, 2018<br>Trial Date:  September 15, 2020 |
| Defendants. | |

The parties, through their respective counsel, stipulate and jointly request the Court to extend the remaining deadlines in this case, as set forth in the Court's Scheduling Order at Docket Number 13 and Docket Number 19, to allow the parties to complete necessary expert discovery in advance of the pretrial conference and in accordance with the shelter-in-place orders and extension issued by the City of Fresno and the governor of California in response to the coronavirus (COIVD-19) pandemic. The parties have requested and been granted modifications to the scheduling order by stipulation on two other occasions. *See* Doc. Nos. 19 & 21.

Good cause exists for this requested modification as follows:

/ / /

1         Defendants served their expert disclosures on March 17, 2020 and Plaintiff served his on
2    March 19, 2020. Declaration of Brande L. Gustafson ("Gustafson Decl."), paras. 3-4. Plaintiff's
3    expert disclosure identified no retained experts, but several individuals as non-retained experts
4    that have provided medical and mental health treatment to Plaintiff. Gustafson Decl., para. 4.
5         On March 19, 2020, the City of Fresno enacted a shelter-in-place order to address the
6    coronavirus (COVID-19) pandemic. Gustafson Decl., para. 5. That order was extended on
7    April 11, 2020 lasting through May 6, 2020. *Id.* The governor of California has also enacted a
8    shelter-in-place order for the state of California. *Id.*
9         In light these orders, Defendants reached out to plaintiff's counsel to express an interest
10   in taking the depositions of each of plaintiff's non-retained experts and to see how he wanted to
11   handle expert depositions. Gustafson Decl., para. 6. Plaintiff's counsel suggested performing
12   the depositions remotely, with the deponents, court reporter, and attorneys all in separate
13   locations. Gustafson Decl., para. 7. Since nearly all[1] of the non-retained experts identified in
14   Plaintiff's expert disclosures provided medical or mental health treatment to the plaintiff,
15   Defendants want to obtain a complete copy of the plaintiff's file, including all treatment
16   notes/reports, billing, and other related records from each of the non-retained experts.
17   Gustafson Decl., paras. 4 & 8. Considering the shelter-in-place orders currently in place,
18   Defendants would not be able to look at the non-retained expert's original file or obtain a
19   duplicate copy of those records at the time of the deposition if all involved were in separate
20   locations, with no guarantee that the deponent would have access to the plaintiff's file or
21   records. Gustafson Decl., para. 9.
22        With the shelter-in-place order of the City of Fresno in place through May 6, 2020, the
23   parties would be left with two days to complete depositions, assuming the shelter-in-place order
24   comes to an end on that day.
25   / / /
26   / / /

---

[1] Only one of the non-retained experts identified did not provide medical or mental health treatment for Plaintiff. Correctional Sergeant Roger Oliver was identified as a non-retained expert by Plaintiff regarding law enforcement standards, policies, practices, and training related to his involvement in this matter.

1   As a result, the parties request that the Scheduling order be modified as follows:

| Event/Deadline | Existing Date | Stipulated New Date |
|---|---|---|
| Expert Discovery Deadline | May 8, 2020 | July 17, 2020 |
| Dispositive Motion Deadline | May 15, 2020 | Same |
| Pre-Trial Conference | July 29, 2020 | Same |
| Trial | September 15, 2020 | Same |

Modification of the Scheduling Order is not anticipated to affect the dispositive motion deadline, pre-trial conference, or trial dates.

In light of the foregoing good cause, the parties hereby stipulate and jointly request that the Court issue an order modifying the current Scheduling Order as detailed above.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.


Dated: April 22, 2020                    WEAKLEY & ARENDT
                                         A Professional Corporation


                                  By:    /s/ Brande L. Gustafson
                                         James D. Weakley
                                         Brande L. Gustafson
                                         Attorneys for Defendants,
                                         County of Fresno and Correctional Sergeant Oliver


Dated: April 22, 2020                    LAW OFFICE OF KEVIN G. LITTLE


                                  By:    /s/ Kevin G. Little (As authorized on 4/22/20)
                                         Kevin G. Little
                                         Attorneys for Plaintiff,
                                         James Robert Montez, II

**ORDER**

Pursuant to the stipulation of the parties, and good cause appearing, the Court GRANTS the parties' request to modify the Scheduling Order (Doc. No. 13) in this case. IT IS HEREBY ORDERED that the expert discovery deadline is extended to July 17, 2020.  All other deadlines remain unchanged.  The parties are cautioned that further modifications of the Scheduling Order will not be granted absent a demonstrated showing of good cause.  Fed. R. Civ. P. 16(b).  Good cause may consist of the inability to comply with court orders in light of the COVID-19 pandemic.  Any such future difficulties should be explained.

IT IS SO ORDERED.

Dated:   **April 24, 2020**                          /s/ *Barbara A. McAuliffe*
                                                                    UNITED STATES MAGISTRATE JUDGE