UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES ROBERT MONTEZ, II,<br><br>    Plaintiff,<br><br>vs.<br><br>FRESNO COUNTY CORRECTIONAL OFFICER OLIVER; UNKNOWN LAW ENFORCEMENT OFFICERS; COUNTY OF FRESNO, CALIFORNIA,<br><br>    Defendant. | **CASE NO. 1:18-cv-01510-AWI-BAM**<br><br>**ORDER ON:**<br><br>1. **DEFENDANTS' MOTION FOR SUMMARY JUDGMENT OR IN THE ALTERNATIVE SUMMARY ADJUCIATION; AND**<br><br>2. **DEFENDANTS' REQUEST TO SEAL DOCUMENTS**<br><br>(Doc. Nos. 24 and 25) |

Plaintiff James Robert Montez II ("Montez") sustained injuries to his jaw during a riot in Fresno County Jail in 2017 as a result of actions taken by Defendant Correctional Officer Oliver ("Oliver"). Montez brought this case against Oliver, the County of Fresno and "Unknown Law Enforcement Officers" (collectively, "Defendants") alleging a federal claim for excessive force under 42 U.S.C. § 1983 ("Section 1983") and state law claims for battery and negligence. For the reasons set forth below, the Court will grant summary judgment in Defendants' favor on the Section 1983 claim and decline to exercise supplemental jurisdiction over the state law claims.

# **FACTUAL BACKGROUND**[1]

As of October 27, 2017, Montez was a sentenced inmate at Fresno County Jail. JSUMF No. 1.[2] Montez was housed on the third floor of the North Jail in E-Pod. Id. No. 2. E-Pod contained approximately 72 inmates. PSDF No. 1.

At approximately 11:00 p.m. on October 27, 2017, a large group of inmates gathered in the lower tier of E-Pod on the third floor of the North Jail, after they were supposed to be in their bunks for inmate count. JSUMF Nos. 3-4. Oliver became aware of this gathering while conducting his rounds and was informed that floor officers were letting inmates talk out an issue to de-escalate the situation. Id. Nos. 5- 6. There were three or four other correctional officers in E-Pod with Oliver at the time. Id. No. 7.

As a precaution, Oliver went to his office on the first floor to retrieve a shotgun equipped with Accusox less-lethal bean bag rounds. PSDF No. 2. The inmates were still gathered on the lower tier of E-Pod when Oliver returned and a large-scale riot suddenly broke out. Id. No. 3. Montez was punched, kicked and otherwise accosted by other inmates during the riot. Id. No. 11. The correctional officers present in E-Pod had pepper spray and batons available to them. Id. No. 5. One of the correctional officers also had a PepperBall gun, but it kept malfunctioning. Id. No. 6.

Oliver and other officers gave verbal commands to the inmates along the lines of "get down on the ground" and "stop fighting." PSDF No. 4; see also Doc. No. 27-1 at 2:19-3:12.[3] Oliver racked a round in the shotgun, PSDF No. 7; see also Doc. No. 27 at 4:2-5:23, and fired a

---

[1] Defendants request to seal jail surveillance video and certain screen shots from jail surveillance video relating to this motion on the grounds that they contain confidential information subject to the Court's March 22, 2019 Protective Order (Doc. No. 15). Doc. No. 25. The Court did not have cause to review the materials in question in deciding this motion and will deny the request as moot in light of this Order.

[2] The facts set forth in this section are undisputed. "JSUMF" refers to the Joint Statement of Undisputed Material Facts filed concurrently with Defendants' motion, as Docket No. 24-5. "PSDF" refers to Plaintiff's Statement of Disputed Facts filed concurrently with Plaintiff's opposition to this motion, as Docket No. 26. The PSDF itself contains several undisputed facts.

[3] Plaintiff contends these commands were inaudible and that dropping to the ground on command during a riot can result in serious injury from kicking, stomping and such. PSDF No. 4. Plaintiff concedes, however, that Oliver "order[ed] inmates to get on the ground" before discharging his shotgun. Id. No. 4.

2

first bean bag round at a group of fighting inmates shortly after entering E-Pod.[4] PSDF No. 8; see also Doc. No. 27-1 at 6:1-17.

Oliver was approximately 20 feet away from Montez when he fired the bean bag that struck Montez. JSUMF No. 8. Montez was struck on the left side of his face, resulting in a broken jaw and stitches to Montez's left cheek. PSDF No. 17. Oliver did not aim for Montez and did not intend to strike Montez with the shot. Id. Nos. 13-14.

Oliver reassessed the situation after firing two shots. PSDF No. 15. He subsequently fired two more shots but did not fire any rounds once all inmates were on the ground and additional correctional officers had arrived to provide assistance. Id. No. 16. Oliver deployed a total of four bean bag rounds during the riot. JSUMF No. 9.

Plaintiff filed this action in October 2018, asserting claims against Oliver, the County of Fresno, and various fictitious defendants referred to as "Unknown Law Enforcement Officers" for: (i) excessive force in violation of 42 U.S.C. § 1983; (ii) battery; and (iii) negligence. Doc. Nos. 1 & 5.

The Corrected Complaint alleges that this Court has original jurisdiction over the Section 1983 claim under 28 U.S.C. §§ 1331 and 1343, and supplemental jurisdiction over the state law claims for battery and negligence under 28 U.S.C. § 1367. Doc. No. 5 ¶ 1.

## RULE 56(a) FRAMEWORK

Summary judgment is proper when it is demonstrated that there exists no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970); Fortyune v. American Multi-Cinema, Inc., 364 F.3d 1075, 1080 (9th Cir. 2004). The party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and of identifying the portions of the declarations (if any), pleadings, and discovery that demonstrate an absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Soremekun v. Thrifty

---

[4] Plaintiff contends that he retreated as the fighting in E-Pod began and that he was struck by another inmate at the same time he was struck "by the less lethal shot fired by [] Oliver," but does not otherwise dispute this fact. See PSDF No. 8.

Payless, Inc., 509 F.3d 978, 984 (9th Cir. 2007).

Where the moving party will have the burden of proof on an issue at trial, the movant must affirmatively demonstrate that no reasonable trier of fact could find other than for the movant. Soremekun, 509 F.3d at 984. Where the non-moving party will have the burden of proof on an issue at trial, the movant may prevail by presenting evidence that negates an essential element of the non-moving party's claim or by merely pointing out that there is an absence of evidence to support an essential element of the non-moving party's claim. See James River Ins. Co. v. Herbert Schenk, P.C., 523 F.3d 915, 923 (9th Cir. 2008); Soremekun, 509 F.3d at 984. If a moving party fails to carry its burden of production, then "the non-moving party has no obligation to produce anything, even if the non-moving party would have the ultimate burden of persuasion." Nissan Fire & Marine Ins. Co. v. Fritz Cos., 210 F.3d 1099, 1105-06 (9th Cir. 2000). If the moving party meets its initial burden, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually exists. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986); Nissan Fire, 210 F.3d at 1103. If the nonmoving party fails to produce evidence sufficient to create a genuine issue of material fact, the moving party is entitled to summary judgment. Nissan Fire, 210 F.3d at 1103.

## DEFENDANTS' MOTION

**I.    Federal Cause of Action Under 42 U.S.C. § 1983**

Defendants contend that Montez's first cause of action for excessive force under Section 1983 is properly analyzed under the Eighth Amendment to the Unites States Constitution and that, to prevail on his claim, Montez must show that "jail officials applied force maliciously and sadistically to cause harm." Doc. No. 24-1 at 4:16-26; see Hudson v. McMillian, 503 U.S. 1, 6-7 (1992) (stating that the "core judicial inquiry" in cases involving the use of force by prison officials is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm"). Defendants concede that Montez's injuries were not "*de minimis* or insignificant," but argue that Montez cannot show a Section 1983 violation given the nature of the riots, the lack of viable alternatives for quelling the riots, attempts by Oliver to restore order prior to discharging the shotgun, and the fact that Oliver did not intend to shoot

4

Montez. Doc. No. 24-1, Part IV.A.

Montez, for his part, expressly concedes in the opposition that the "malicious and sadistic" standard applies and that he cannot prevail on his Section 1983 claim. Doc. No. 26 at 1:22-26.

In light of the argument and evidence set forth in the briefing and, most important, Montez's express concession that he cannot establish a Section 1983 violation based on the facts of this case, the Court will grant summary judgment in Defendants' favor on Plaintiff's first cause of action.

## II. State Law Claims for Battery and Negligence

In light of the foregoing, state law claims for battery and negligence are all that remain in this case. Under 28 U.S.C. § 1367(c)(3), a district court may decline to exercise jurisdiction over supplemental state law claims if "the district court has dismissed all claims over which it has original jurisdiction." The general rule is "when federal claims are dismissed before trial ... pendent state claims should also be dismissed." Religious Tech. Ctr v. Wollersheim, 971 F.2d 364, 367-68 (9th Cir. 1992); Schultz v. Sundberg, 759 F.2d 714, 718 (9th Cir. 1985). Considering judicial economy, convenience, fairness, and comity, and because summary judgment has been granted on Montez's one and only federal claim, the Court will decline to exercise supplemental jurisdiction over the state claims. See Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988); City of Colton v. American Promotional Events, Inc.-West, 614 F.3d 998, 1008 (9th Cir. 2010) ("Because the district court did not err in granting summary judgment on the federal claims, it did not abuse its discretion in dismissing the state-law claims."); Religious Tech., 971 F.2d at 367-68; Neylon v. Inyo County, 2018 WL 3740535, *56-*57 (E.D. Cal. Aug. 3, 2018).

## III. Unknown Law Enforcement Officers

Defendants argue that the "Unknown Law Enforcement Officers" included among the Defendants in the Corrected Complaint should be dismissed from this action with prejudice under Rule 4(m) of the Federal Rules of Civil Procedure because a year and a half has passed since the filing of the Complaint (and Corrected Complaint) and Montez "has not identified or served a single individual to substitute in" for fictitious Defendants. No. 24-1, Part IV.

Given the fact that the Court has granted summary judgment in favor of all Defendants on

the Section 1983 claim and declined to exercise jurisdiction over the remaining claims in this action, this issue is moot. The Court will thus deny the Defendants' motion as to the dismissal of the Unknown Law Enforcement Officers.

## **ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' motion for summary judgment (Doc. No. 24) is GRANTED as to all Defendants with respect to Montez's cause of action under 42 U.S.C. § 1983;
2. Pursuant to 28 U.S.C. § 1367(c)(3), the Court DECLINES to exercise supplemental jurisdiction over Montez's state law battery and negligence claims;
3. Defendants' motion for dismissal of Unknown Law Enforcement Officers from this action (Doc. No. 24) is DENIED as moot;
4. Defendants' request to seal records (see Doc. No. 25) is DENIED as moot;
4. All currently set dates and deadlines are VACATED; and
5. The Clerk is directed to CLOSE this case.

IT IS SO ORDERED.

Dated:   June 25, 2020

SENIOR  DISTRICT  JUDGE